# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

SAMUEL PINEDA PINEDA, also known as Sealed3, also known as Chame, also known as Sammy,

                    Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-70-3

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel Pineda Pineda appeals his sentence following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. At the beginning of Pineda's sentencing hearing, he moved to allow an attorney retained by him to substitute for his appointed counsel and for a continuance of the sentencing hearing to allow the new attorney time to prepare.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pineda first contends that the district court's denial of those motions violated his right to counsel of choice.

The Sixth Amendment right to counsel has "long been construed to include a criminal defendant's qualified right to retain counsel of the defendant's own choosing." *United States v. Hughey*, 147 F.3d 423, 428 (5th Cir. 1998). The right to counsel of choice is not absolute, and a court retains wide latitude in balancing that right against the needs of fairness and the demands of its calendar. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *Hughey*, 147 F.3d at 429-32. "[T]rial courts must necessarily be wary of last minute requests to change counsel lest they impede the prompt and efficient administration of justice." *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (internal quotation marks and citation omitted). A district court's erroneous deprivation of the right to counsel of choice constitutes structural error that is not subject to harmless-error analysis. *Gonzalez-Lopez*, 548 U.S. at 150-52.

In denying Pineda's motions, the district court reasoned that they were not made until the day of the sentencing hearing, the newly retained attorney was not prepared to proceed without a continuance, the case had been going on for "a very long time" already, Pineda presented no basis why his appointed counsel would not be suitable to proceed at the sentencing hearing, there would be a disruption to the Government given its arrangements for the appearance of witnesses and preparation for the hearing, and there would be a disruption to the court's docket given that the court had set aside the entire afternoon in preparation for the lengthy sentencing hearing. Based on our review of the record, the district court did not exceed the wide latitude afforded to it in balancing Pineda's limited right to counsel of his choice against the burdens of a continuance. *See Gonzalez-Lopez*, 548 U.S. at 151-52; *Slappy*, 461 U.S. at 11-12; *Hughey*, 147 F.3d at 429-32.

Pineda also challenges the assessment of the three-level enhancement under U.S.S.G. § 3B1.1(b).  After hearing the testimony of four witnesses at Pineda's sentencing hearing, the district court imposed the enhancement based on its finding that Pineda was a manager or supervisor in a criminal activity that involved five or more participants.  That finding is reviewed for clear error. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).  Based on the record as a whole, such a finding was plausible and therefore not clearly erroneous.  *See id.*

AFFIRMED.